# Fisher *versus* Deibert's Administrators.

1. Parol proof may be admitted to reform a writing on account of fraud, accident or mistake, where something has been inserted or omitted contrary to the intent of the parties, or to explain latent ambiguities, local terms and terms of art in writings, but not where none of these reasons exist.

2. Opinions of witnesses as to the meaning of contracts clear of these exceptions, or the construction the parties supposed to be proper, are never heard.

3. An obscure contract construed.

March 4th 1868.   Before WOODWARD, C. J., THOMPSON, STRONG and AGNEW, JJ.   READ, J., sick.

Error to the Court of Common Pleas of *Berks county*.

This was an action of assumpsit, commenced August 13th 1863, by Samuel Deibert and William Koch, administrators, &c., of John D. Deibert, deceased, against Daniel B. Fisher.

The cause of action was the following note :—

" Two years after date I promise to pay John D. Deibert, or order, two thousand seven hundred and thirty-seven dollars and fifty cents, without defalcation, for value received.   Leesport, Berks county, Pa., March 28th 1861.

$2737.50.                                    DANIEL B. FISHER."

Witness: C. TOWER.

The plaintiff on the trial having given the note in evidence, rested.

The defendant then gave in evidence the following agreement :—

" It is understood and agreed by and between Daniel B. Fisher and John D. Deibert as follows :

" 1. That, if within two years from this date, said Fisher shall sell any portion of the interest now owned by him in the certain twenty-one tracts of land, one undivided thirty-second part of which said Deibert has, by deed of this date, conveyed to him,

then he shall, out of the proceeds of such sale, either pay said Deibert or give him such paper as he receives from the buyer or buyers, to be endorsed also by said Fisher, to be applied by Deibert on said Fisher's note for two thousand seven hundred and thirty-seven dollars and fifty cents, payable two years from this day, given by Fisher to Deibert in part payment of the purchase-money mentioned in said deed, and said Fisher shall also from the date of any such sale by him, allow said Deibert such rate of interest, if any, as he himself shall be allowed by the purchaser or purchasers from him.

" 2. That said Fisher shall repay to said Deibert the sum of fifty dollars, heretofore paid by Deibert, as part of a retaining fee to William M. Meredith, Esq., of Philadelphia, as soon as, and whenever he, said Fisher, can and shall receive the same from the other persons, or some of them, who are interested in the same twenty-one tracts of land.

" 3. That said Deibert shall keep in his own hands, and not transfer or pass away to any person whatever, the said note for two thousand seven hundred and thirty-seven dollars and fifty cents, above mentioned, during the two years it has to run to maturity.

" Dated March 28th 1861.　　　　DANIEL B. FISHER,
　　　　　　　　　　　　　　　. JOHN D. DEIBERT."

They also proved that on the 18th of February 1863, Fisher sold an interest in the twenty-one tracts of land mentioned in the agreement, to John A. Beitenman, for $2737.50, for which four notes of equal amount payable in two, three, four and five years, respectively, were given.

These notes were tendered to the administrators of Deibert before suit brought, and within two years from the date of the contract, and were refused.

The defendants took the deposition of C. Tower, Esq., who testified: " Fisher and Deibert together told me what they had agreed upon and asked me to put their agreement in writing. I did so, and read the draft to them as soon as I had made it. They said it was right, and left my office for awhile until two copies could be made for them to execute. They came back to execute the copies."

He also stated in his deposition: " It was an unusual contract, and for fear they did not both understand it, or the effect of it, I said, ' I suppose, gentlemen, you understand this paper. It gives Mr. Fisher,' said I to Mr. Deibert, ' the power to sell the land for any price he pleases, and for cash or on time, and on just such time as he thinks proper, and with interest or without interest just as he pleases, and if he sells on time, you are to take from him just such paper as he gets.' I then said, ' Do you both under-

[Fisher *v.* Deibert's Administrators.]

stand it?' Fisher said 'Yes.' Deibert said, 'I do understand it so.'"

The latter part of the deposition was objected to, rejected by the court and an exception taken.

The court (Woodward, P. J.) charged the jury:—

"The question presented for disposition here arises out of the construction of the contract between John D. Deibert and Daniel B. Fisher, which has been given in evidence. It is claimed on the part of the defendant that, under the terms of that contract, he had the right to apply the full face of the notes which he received from John A. Beitenman, on the 18th of February 1863, upon the note which he had given to Deibert on the 28th day of March 1861. The effect of such an application would be to satisfy the debt for which the plaintiffs have brought suit. In the opinion of the court, the contract is not capable of the construction for which the defendant contends. At the date of the notes of Beitenman, the actual money value was something over $2150, while the amount due upon the note to Deibert was the whole sum specified in it, subject only to discount for about forty days. To justify the claim of the defendant, the language of the contract ought to be express and unequivocal, or the intendment from it should be imperative and direct. There is nothing in the terms of this contract inconsistent with the claim which is made by the plaintiffs. The money value of the notes of Beitenman, at the time they were given, should be deducted from the money value of the note from Fisher to Deibert at the same time, and for the balance, with interest from the 28th of March 1861, the plaintiffs are entitled to a verdict."

There was a verdict for the plaintiffs for $525.76.

The errors assigned were, rejecting the portion of Mr. Tower's deposition, which was objected to; and the charge of the court.

*J. Hoffman* and *J. A. Banks*, for plaintiff in error, cited Hurst *v.* Kirkbride, stated in Wallace *v.* Baker, 1 Binn. 616; Bank *v.* Fordyce, 9 Barr 277; Miller *v.* Henderson, 10 S. & R. 290; Rearich *v.* Swinehart, 1 Jones 240; Renshaw *v.* Gans, 7 Barr 117; Barnhart *v.* Riddle, 5 Casey 96; Miller *v.* Fichthorn, 7 Id. 257; Chalfant *v.* Williams *et al.*, 11 Id. 215.

*A. G. Green*, for defendants in error, cited and commented on Fox *v.* Foster, 4 Barr 119; Heebner *v.* Worrall, 2 Wright 376; Cummings *v.* Antes, 7 Harris 287–91; Hurst *v.* Kirkbride, *supra;* Miller *v.* Henderson, 10 S. & R. 290; Renshaw *v.* Gans, 7 Barr 117; Bank *v.* Fordyce, 9 Barr 275; Miller *v.* Fichthorn, 7 Casey 257.

The opinion of the court was delivered, March 21st 1867, by

[Fisher v. Deibert's Administrators.]

THOMPSON, J.—A writing may be reformed on account of fraud, accident or mistake. That is to say, where something has been inserted or omitted contrary to the true meaning and intent of the contracting parties, parol proof may be admitted to correct the error, whether it comes under one or the other of these heads.

So parol proof is sometimes admitted to explain latent ambiguities, local terms and terms of art in writings; but it may be safely asserted that there is no ground for, and no case of, its admissibility where none of these reasons exist. In all cases, with the exceptions above mentioned, writings must speak for themselves through the rules of interpretation which the law requires courts to employ. Opinions of witnesses as to what contracts mean which stand clear of such exceptions, are never heard, nor the construction the parties may have supposed to be proper for the instrument where the instrument is free from ambiguity, local terms, or terms of art. The declarations of the parties as to the construction of the papers, was what was proposed to be proved, without a pretence that any word or sentence agreed upon were omitted, or any improperly inserted. In Foster v. Fox, 4 Barr 119, the scrivener who drew the agreement was called to prove what it was supposed to mean when entered into. This was held to have been properly excluded by the court below. To the same principle is Cummings v. Miles, 7 Harris 287, and Heilner v. Worrall, 2 Wright 376. In Greenleaf's Evidence, vol. 1, § 395, the rule is thus stated: "If, therefore, a contract is made in ordinary and popular language, to which no local or technical and peculiar meaning is attached, parol evidence it seems is not admissible to show that, in that *particular case*, the words were used in any other than their ordinary and popular sense." See also, §§ 277 and 278. The exclusion of that portion of Tower's testimony forming the 1st bill of exceptions was not error. The cases referred to by the counsel for the plaintiffs in error, do not sustain them, we think; they apply to cases of error or omissions generally resulting from fraud, accident or mistake, and the parol proof was of facts, not opinions, to reform them. But in truth I think the testimony, if it had been received, would have made no impression on the written contract. That provided that if Fisher should sell any portion of the land sold to him by Deibert, within two years, he should "out of the proceeds," either pay Deibert, or give him such paper as he should receive from the buyer endorsed by him, to be applied by Deibert to Fisher's note. The witness says the contract being unusual, he asked if they understood it, and then he explained, "It gives Mr. Fisher," he said, "the power to sell the land for any price he pleases, and for cash or on time, and in just such time as he thinks proper; and with interest or without interest, just as he pleases; and if he sells on time, you are to

[Fisher *v.* Deibert's Administrators.]

take from him just such paper as he gets." Both assented to this, he says, as their understanding of the meaning of the contract. Does not this leave the contract just as the writing expressed it, on this material point in the case ? The defendants in error concede the contract to be, that the intestate was to take such paper as the defendant below might take on a sale, if he did not sell for cash within two years, and being endorsed by him, to be applied upon his note. But how ? At its value or at its face ? The parol testimony is not different on this precise point from the writing.

The testator declared that he understood the contract to be that he was to take such paper and apply it to defendant's indebtedness, at any time within the two years—the writing says the same thing. Neither says whether it was to be taken at its face or at its present value. That is left to construction in either case. The result would, on this point, have been the same whether the testimony was in or out.

It is to my mind very clear that the true meaning of the writing was as the court below held it. Any other construction would be unreasonable. If the paper was to be taken at its face as payment of the note, its actual extinguishment might be almost indefinitely postponed. Thus it might become a matter of indifference to Fisher whether he took long or short paper ; paper due in one or two years with interest or without interest. Such a construction would be most unreasonable and unconscionable, and to justify it, the terms should have been much more explicit than they are. On the other hand, to hold the agreement to be, to apply such paper as the defendant might sell the property for to the note at its present value, would insure the best endeavors of the vendee to get as short paper as possible. The shorter the paper the more would it be to the advantage of both parties. No other interpretation of the contract would consist with rational action on part of either buyer or seller.

The provision in the stipulation in regard to interest was obviously intended to benefit Deibert. The note of Fisher was not to bear interest during the time it had to run, but if he sold for paper bearing interest within this period, he was to give Deibert the benefit of it.

A strong reason for this was, no doubt, that Deibert was not to get interest or dispose of the note of Fisher during the two years. Promises were doubtless made to reciprocate these advantages, and one of them was probably this promised interest.

As to the supposed miscalculation of the interest in computing the amount to be paid plaintiff in paper ; if there was any error, it was so small that it may be disposed of on the principle of *de minimis.*

Judgment affirmed.